IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARQUAVIOUS CONLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 118-189 |
| ) | |
| SCOTT WILKES, Warden; TOMMY ) | |
| TREMBLE, Deputy Warden of Security; ) | |
| CLIFFORD BROWN, Unit Manager; ) | |
| CAPTAIN COLLIER; and OFFICER ) | |
| ROBINSON, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.   SCREENING OF THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants: (1) Scott Wilkes, Warden; (2) Tommy Tremble, Deputy Warden of Security; (3) Clifford Brown, Unit Manager; (4) Captain ("Capt.") Collier; and (5) Officer Robinson. (Doc. no. 1, pp. 1, 4, 7-8.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 6, 2017, an unknown inmate assaulted Plaintiff in housing unit 3B at ASMP. (Id. at 5.) At the time, Plaintiff was in restraints and defenseless. (Id.) Prior to the incident, an unknown officer saw the attacker threaten Plaintiff and allowed the attacker to return to attack Plaintiff. (Id. at 6.) Plaintiff alleges his Eighth Amendment rights were violated because Defendants failed to protect Plaintiff and ensure his safety was in good hands. (Id. at 5.)

Warden Wilkes is liable because he is legally responsible for ASMP. (Id.) Deputy Warden Tremble is responsible for the safety of ASMP as a whole, and Unit Manager Brown is liable because he is in charge of the medical housing unit. (Id.) Capt. Collier is liable because he is a captain over security and violated some unstated policy, and Officer Robinson is liable because he failed to make sure Plaintiff's safety was in good hands. (Id.) As a result of the action, Plaintiff is suffering from mental issues, and in particular, he suffers from paranoia and traumatization, which is causing him to act "off instinct." (Id. at 6.) Plaintiff is suing all Defendants in their individual and official capacities. (Id.) He seeks compensatory, punitive, and nominal damages for a total of $5,000,000. (Id.)

### B.  DISCUSSION

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."

Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Warden Wilkes, Deputy Warden Tremble, Unit Manager Brown, and Capt. Collier Cannot Be Held Liable Based on a Theory of Supervisory Liability

Plaintiff's complaint fails to state a claim against Warden Wilkes, Deputy Warden Tremble, Unit Manager Brown, and Capt. Collier because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) they actually participated in the alleged constitutional violation, or (2) there is a causal connection between their actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Looking to each Defendant individually, Plaintiff alleges Warden Wilkes is liable because he "legally responsible for the operation of ASMP, and for the welfare institutional needs of all inmates . . . ." (Doc. no. 1, p. 5.) Plaintiff alleges Deputy Warden Tremble and Unit Manager Brown are liable because they are responsible for the safety of ASMP as a whole and the medical housing unit, respectively. (Id.) Plaintiff alleges Capt. Collier is liable because he is a captain over security and violated some unstated policy. (Id.) Plaintiff does not allege any of these Defendants were directly involved in the attack on November 6, 2017. Thus, Plaintiff fails to state any facts suggesting any of these Defendants actually participated in the alleged constitutional violations.

Therefore, Plaintiff must allege a causal connection between any of these Defendants and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the

5

subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff merely alleges in conclusory fashion these Defendants are responsible for Plaintiff's injuries based on their positions at ASMP. (Doc, no. 1, p. 5.) Thus, Plaintiff even fails to unequivocally allege they actually knew about any problem. No alleged facts show any of these Defendants were involved in the alleged incident other than by simply being employed at ASMP in varying capacities. Nothing in his complaint indicates they were responsible for a policy or custom resulting in a violation of Plaintiff's rights, and Plaintiff does not allege any facts to show they either directed subordinates to act unlawfully or knew they would do so and failed to act in an appropriate manner. Therefore, Plaintiff fails to state a claim upon which relief can be granted against these Defendants, and they should be dismissed from the case.

### 3. Plaintiff Fails to State a Valid Claim against Officer Robinson

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never alleges any facts sufficient to associate Officer Robinson with a constitutional violation. Plaintiff merely alleges Officer Robinson failed to make sure Plaintiff's safety "was [in] good hands." (Doc. no. 1, p. 5.) No other facts are alleged with reference to Officer

Robinson. Therefore, Plaintiff fails to associate Officer Robinson with a purported constitutional violation, and he should be dismissed from the case.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of January, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA